# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2022

Lyle W. Cayce
Clerk

No. 20-60794

Jose Eleazar Reyes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 818 913

Before Higginbotham, Higginson, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Jose Eleazar Reyes, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) concluding that he was ineligible for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). On appeal, Reyes challenges only the BIA's conclusion that he reformulated his claimed particular social group

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60794

("PSG") on appeal, and its decision not to address his new PSG for that reason.

We lack jurisdiction over an issue raised in a petition for review unless the petitioner "has exhausted all administrative remedies available to the alien as of right" with respect to that issue. 8 U.S.C. § 1252(d)(1). To exhaust administrative remedies, a petitioner must file a motion for reconsideration with the BIA "where the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue." *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009); *see also Del Cid-Lazo v. Barr*, 784 F. App'x 894, 896 (5th Cir. 2019); 8 C.F.R. § 1003.2(b). As we recently explained, this means we lack jurisdiction when a petitioner "alleg[es] some *new* defect that the BIA never had a chance to consider" without first moving the BIA for reconsideration. *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022). This includes claims "that the BIA erred procedurally." *Id.* at 361 n.9.

Here, Reyes's challenge to the BIA's reformulation conclusion presents a new issue arising out of the BIA's decision itself. And because Reyes did not file a motion for reconsideration, as he had the right to do, "the BIA never had a chance to consider" this claim. *Id.* at 360. Accordingly, we lack jurisdiction over this claim. Because this is the only claim in Reyes's petition, we lack jurisdiction over it.

The petition for review is DISMISSED for lack of jurisdiction.